# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ONYEKA WALTER OLIEH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:20-cv-01240-TWP-MPB |
| | ) |
| OTTO, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON PENDING MOTIONS AND ORDER DISMISSING ACTION

Pending before the Court are several Motions for Default Judgment (Dkts. 8, 10, 11, 12, 15, 16 and 18), several Motions for Final Judgment (Dkts. 9, 13, 19 and 20), and a Motion for Proof of Service (Dkt. 14). Plaintiff Onyeka Walter Olieh ("Mr. Olieh") provides no basis for any of the pending motions, moreover, a clerk's default or default judgment is not warranted because Defendant Otto has not been served process. More importantly, as explained below, because this Court has no jurisdiction to hear this case, all of the pending motions must be **denied** as moot.

Mr. Olieh initiated this action on April 24, 2020, citing claims of negligence, defamation of character, breach of trust, forgery, landlord fraud, invasion of privacy, home renters insurance fraud, obtaining funds under false pretense, concealment of home renters insurance fraud, and trauma and emotional distress; against his landlord, Defendant Otto. (Dkt. 1 at 5-6). All of the events alleged in the Complaint took place in Dallas, Texas. In the Complaint, Mr. Olieh alleges that he is a citizen of Nigeria, and Otto is a citizen of Texas, incorporated under the laws of Texas and has its principal place of business in Texas.

In the Entry of April 27, 2020, the Court screened the Complaint and explained that it is subject to dismissal for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B) because of a

lack of personal jurisdiction over Otto and improper venue (Dkt. 4). The Court gave the Mr. Olieh an opportunity to amend his Complaint no later than May 22, 2020, and show cause why this case should not be dismissed because of a lack of jurisdiction.

On May 4, 2020, Mr. Olieh filed a response to the Court's Screening Entry and submitted supporting exhibits (Dkt. 5; Dkt. 7). Mr. Olieh explained that he lives in Indianapolis, Indiana, "State of Texas is not my venue," and "State of Texas does not have personal jurisdiction over me." (Dkt. 5 at 1; Dkt. 5-2 at 1; Dkt. 5-3 at 1.)

These assertions do not address or cure the jurisdictional problems of Plaintiff's action that were discussed in the Court's Screening Entry, specifically the lack of personal jurisdiction over Defendant Otto and improper venue. Mr. Olieh has pled that Defendant Otto is a citizen of Texas. For a court to have personal jurisdiction over a defendant, the Due Process Clause requires that the defendant have certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Howell v. Clark Cty. Collection Serv.*, LLC, 2015 U.S. Dist. LEXIS 32259, at *3–4 (S.D. Ind. Mar. 16, 2015). And, although Mr. Olieh may live in Indianapolis, none of the wrongs alleged in the Complaint occurred in Indianapolis. Because Mr. Olieh has failed to show proper venue or personal jurisdiction over the Defendant Otto, this action must **dismissed for lack of jurisdiction**. As the Court noted in its Screening Entry, the Northern District of Texas, where Dallas is located and where the events giving rise to this action occurred, may be the appropriate venue for Mr. Olieh to file his Complaint.

For the reasons stated above, this matter is **DISMISSED** for lack of jurisdiction. The pending motions, dkt.[8], dkt.[9], dkt. [10], dkt. [11], dkt. [12], dkt. [13], dkt. [14], dkt.[15], dkt. [16], dkt. [18], dkt. [19], and dkt. [20] are **DENIED AS MOOT**. This case is now **closed**.

Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED.**

Date: 6/25/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ONYEKA WALTER OLIEH
2326 Hermitage Court
Indianapolis, IN 46224

3